Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Donald J. Enright (to be admitted *pro hac vice*)
Email: denright@zlk.com
**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567

*Attorneys for Plaintiff Harold Freeze*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAROLD FREEZE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS, INC., WILLIAM D. JENKINS, JR., JEFFRY R. ALLEN, JOHN HARVEY KISPERT, STEPHEN P. MULLANEY, MICHAEL D. PERONE, and CHET KAPOOR,<br><br>Defendants. | Case No. 18-cv-00582<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Harold Freeze ("Plaintiff"), by his undersigned attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff brings this action as a public stockholder of Barracuda Networks, Inc. ("Barracuda" or the "Company") against the members of Barracuda's Board of Directors (the "Board" or the "Individual Defendants") and Barracuda for their violations of Section 14(a) and Rule 14a-9 promulgated thereunder by the U.S. Securities and Exchange Commission (the "SEC"), and 20(a),

1. arising out of their attempt to sell the Company to Thoma Bravo, LLC ("Thoma Bravo").

2. On November 26, 2017, the Company entered into a definitive agreement (the "Merger Agreement") by which Thoma Bravo would acquire Barracuda through a long-form merger in which Thoma Bravo would pay Barracuda stockholders $27.55 in cash for each share of Barracuda common stock (the "Proposed Transaction"). The Proposed Transaction has an equity value of approximately $1.6 billion.

3. On January 9, 2018, the Company filed a materially misleading and incomplete Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC in an effort to convince Barracuda stockholders to vote in favor of the Proposed Transaction. The Proxy announced that the Company would hold its stockholder vote regarding the Proposed Transaction on February 7, 2018.

4. In soliciting stockholder approval, the Proxy contains materially incomplete and misleading information concerning the Company's financial projections, the financial analyses prepared by the Company's financial advisor, Morgan Stanley & Co., LLC ("Morgan Stanley"), and the potential conflicts of interest present in the process leading up to the Merger Agreement. Without additional information, the Proxy is materially misleading in violation of federal securities laws.

5. By unanimously approving the Proposed Transaction and authorizing the issuance of the Proxy, the Individual Defendants (defined below) participated in the proxy solicitation even though they knew, or should have known, that the Proxy was materially false and/or misleading. The Proxy is an essential link in accomplishing, and receiving stockholder approval for, the Proposed Transaction.

6. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants (collectively identified below) from holding the stockholder vote unless and until the material information discussed below is disclosed to the holders of Barracuda common stock or, in the event the stockholder vote occurs and the Proposed Transaction is consummated, to recover damages resulting from Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331-32, pursuant to 15 U.S.C. § 78aa (federal question jurisdiction), as Plaintiff alleges violations of Sections 14(a), and

20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder.

8. The Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in and maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as pursuant to 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) Barracuda maintains its principal place of business in this District and each of the Individual Defendants, and Company officers or directors, either resides in this District or has extensive contacts within this District; (iii) a substantial portion of the transactions and wrongs complained of herein occurred in this District; (iv) most of the relevant documents pertaining to Plaintiff's claims are stored (electronically and otherwise), and evidence exists, in this District; and (v) Defendants have received substantial compensation in this District by doing business here and engaged in numerous activities that had an effect in this District.

**THE PARTIES**

10. Plaintiff is, and has been at all times relevant hereto, a stockholder of Barracuda.

11. Defendant Barracuda is a Delaware corporation with its headquarters located at 3715 South Winchester Boulevard, Campbell, California, 95008. Barracuda common stock trades on the New York Stock Exchange under the ticker symbol "CUDA."

12. Defendant William D. Jenkins, Jr. has served as President, Chief Executive Officer, and a director of the Company since November 2012.

13. Individual Defendant Jeffry R. Allen has served as a director of the Company since 2007.

14. Individual Defendant John Harvey Kispert has served as a director of the Company since August 2016.

15. Individual Defendant Stephen P. Mullaney has served as a director of the Company since April 2017.

16. Individual Defendant Michael D. Perone has served as a director of the Company since 2003.

17. Individual Defendant Chet Kapoor has served as a director of the Company since April 2017.

18. The Defendants referred to in paragraphs 12-17 are collectively referred to herein as the "Individual Defendants," and the Individual Defendants are sometimes collectively referred to herein as the "Board." The Individual Defendants and Barracuda are referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

19. Barracuda is an information technology services company, which offers content security, networking, and application delivery, as well as data storage, protection, and disaster recovery services to customers worldwide.

20. In a press release dated November 27, 2017, the Company announced that it had entered into the Merger Agreement with Thoma Bravo, pursuant to which the Company will be acquired by Thoma Bravo and stockholders will receive $27.55 in cash for each share of Barracuda common stock. This represents a total equity value of approximately $1.3 billion.

21. In relevant part, the press release reads:

CAMPBELL, Calif., Nov. 27, 2017 /PRNewswire/ -- Barracuda Networks, Inc. (NYSE: CUDA), a leading provider of cloud-enabled security and data protection solutions, today announced that it has entered into an agreement to be acquired by leading private equity investment firm Thoma Bravo, LLC. in an all-cash transaction valued at $1.6 billion.

Barracuda shareholders of record will receive $27.55 in cash for each share of Barracuda common stock they hold. This price exceeds Barracuda's 52-week high and represents a premium of 22.5 percent to the Company's 10-day average stock price prior to Nov. 27, 2017, of $22.49. Barracuda's Board of Directors unanimously approved the agreement, and believes the transaction maximizes shareholder value. Upon the close of the transaction, Barracuda will operate as a privately-held company with a continued focus on email security and management, network and application security, and data protection solutions that can be deployed in cloud and hybrid environments.

"We believe the proposed transaction offers an opportunity for us to accelerate our growth with our industry-leading security platform that's purpose-built for highly distributed, diverse cloud and hybrid environments. We will continue Barracuda's tradition of delivering easy-to-use, full-featured solutions that can be deployed in the

4                    Case No. 18-cv-00582
COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

way that makes sense for our customers," said BJ Jenkins, chief executive officer of Barracuda. "Thoma Bravo has an excellent history of investing in growing security businesses, and this transaction speaks to the value and strength of Barracuda's security platform, which helps customers protect and manage their networks, applications, and data. I expect that our employees, customers, and partners will benefit from this partnership."

"Barracuda is a proven industry leader, consistently bringing powerful, comprehensive solutions to customers in an increasingly prevalent, hostile, and complex threat environment," said Seth Boro, a managing partner at Thoma Bravo. "We believe that Barracuda is at the forefront of innovation in several highly strategic areas of the cybersecurity market and are excited to be the company's partner in the next phase of its growth."

The proposed transaction is expected to close before Barracuda's fiscal year end of Feb. 28, 2018, and is subject to approval by Barracuda's shareholders and regulatory authorities, and the satisfaction of other customary closing conditions.

**The Proxy Materially Misleads Stockholders By Omission**

22. Defendants filed the Proxy with the SEC in connection with the Proposed Transaction. The Proxy omits material information with respect to (i) the Company's financial projections relied upon by the Company's financial advisor, Morgan Stanley, (ii) the financial analyses performed by Morgan Stanley underlying its fairness opinion; and (iii) the potential conflicts of interest faced by Morgan Stanley and Company management during the process leading up to the Merger Agreement. This omitted information renders the Proxy materially misleading.  If disclosed, the omitted information would significantly alter the total mix of information available to Barracuda's stockholders.

*Material Omissions Concerning Barracuda's Financial Projections*

23. First, the Proxy states:

> In performing its discounted cash flow analysis, Morgan Stanley first calculated the Company's estimated unlevered free cash flow, which it defined as EBITDA, less (i) stock-based compensation expense, less (ii) cash taxes, plus (iii) changes in net working capital, less (iv) capital expenditures, for the second half of the fiscal year ending February 28, 2018 and for each of the fiscal years 2019 through 2021 based on the Management Projections and for each of the fiscal years 2022 through 2027 based on extrapolations from the Management Projections based on discussions with and guidance from management.

24. Despite Morgan Stanley's reliance on the Company's unlevered free cash flows, the Proxy omits the Company's unlevered free cash flows for the second half of the fiscal year ending February 28, 2018 through 2027, and further fails to disclose the line items utilized to calculate the

Company's unlevered free cash flows, including: (i) EBITDA; (ii) stock-based compensation expense; (iii) cash taxes; (iv) changes in net working capital; and (iv) capital expenditures.

25. This information is particularly crucial where Barracuda stockholders are being asked to trade in their right to these future cash flows for a single lump-sum payment.

26. Furthermore, the Proxy provides values for Non-GAAP ("Generally Accepted Accounting Principles") Gross Profit, Non-GAAP Operating Income, Adjusted EBITDA, Historical Adjusted EBITDA, and Adjusted Free Cash Flow, but fails to provide: (i) the projected values for the line items used to calculate these non-GAAP measures; or (ii) a reconciliation of the non-GAAP projections to the most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

27. When a company discloses non-GAAP financial measures in a Proxy that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projected values for the line items and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

28. The omission of this information renders the statements in the "Management Projections" and "Fairness Opinion of Morgan Stanley & Co. LLC" sections of the Proxy false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Morgan Stanley's Financial Analyses*

29. The Proxy also omits material information regarding Morgan Stanley's valuation analyses underlying the fairness opinion.

30. With respect to the *Discounted Cash Flow Analysis* of Barracuda, Morgan Stanley used the Company's unlevered free cash flows, however, the Proxy omits (i) the Company's unlevered free cash flows for the second half of the fiscal year ending February 28, 2018 through 2027; (ii) the inputs and assumptions underlying the discount rate range of 9.1% to 11.1%; and (iii) the implied terminal

multiples resulting from the analysis.

31.  With respect to the *Precedent Transactions Analysis*, the Proxy omits the LTM EBITDA and NTM EBITDA multiples for each target company in the transactions analyzed by Morgan Stanley.  These omissions leave Barracuda stockholders ignorant of whether Morgan Stanley selectively chose only those transactions that would decrease the implied range of fair transaction values and therefore the consideration offered by Thoma Bravo.

32.  With respect to the *Public Trading Comparables Analysis*, the Proxy omits the benchmarking analyses for Barracuda in relation to the target companies and the financial operating characteristics and other factors observed by Morgan Stanley.

33.  The omission of this information renders the statements in the "Fairness Opinion of Morgan Stanley & Co. LLC" section of the Proxy false and/or materially misleading in contravention of the Exchange Act

*Material Omissions Concerning Potential Conflicts of Interest*

34.  In summarizing Morgan Stanley's potential interest in the Proposed Transaction, the Proxy discloses that "Morgan Stanley, its affiliates, directors or officers, including individuals working with the Company in connection with the Merger, may have committed and may commit in the future to invest in private equity funds managed by Thoma Bravo and its affiliates."  Clearly those individuals working with the Company would know whether they had committed to invest in private funds managed by Thoma Bravo, and thus the Proxy must disclose whether those individuals who worked with Barracuda did in fact commit to invest in private equity funds managed by Thoma Bravo and its affiliates.

35.  Furthermore, the Proxy, however, fails to disclose the details of any employment related discussions and negotiations that occurred between Thoma Bravo and Barracuda executive officers, including who participated in all such communications, when they occurred, and their content, as well as whether any of Thoma Bravo's prior proposals or indications of interest mentioned management retention or the right to purchase or participate in the equity of, the surviving corporation or one or more of its affiliates.

36.  Given the fact that Thoma Bravo is merely a fund manager, continued employment of

1  Company management, at least for a limited time, may be inferred from the absence of any other hiring
2  announcements.

3        37.    Nevertheless, the Proxy misleads Barracuda stockholders by merely stating that

4          [C]ertain of our executive officers may have discussions, or may enter into
        agreements with, Newco or Merger Sub or their respective affiliates regarding
5          employment with, or the right to purchase or participate in the equity of, the
        Surviving Corporation or one or more of its affiliates.
6

7        38.    These omissions of material fact represent selective disclosures made by Defendants
8  in the Proxy that significantly alter the total mix of information that Defendants used to market the
9  Proposed Transaction. Defendants have misled investors into believing the Proposed Transaction is
10  fair while refusing to disclose the full picture provided to the Board by its financial advisor.

11        39.    Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the
12  irreparable injury that Company stockholders will continue to suffer absent judicial intervention

13  **CLAIMS FOR RELIEF**

14  **COUNT I**

15  **Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Barracuda**
16

17        40.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

18        41.    The Individual Defendants disseminated the false and misleading Proxy, which
19  contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light
20  of the circumstances under which they were made, omitted to state material facts necessary to make
21  the statements therein not materially false or misleading. Barracuda is liable as the issuer of these
22  statements.

23        42.    The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.
24  By virtue of their positions within the Company, the Individual Defendants were aware of this
25  information and their duty to disclose this information in the Proxy.

26        43.    The Individual Defendants were at least negligent in filing the Proxy with these
27  materially false and misleading statements.
28

44. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

45. The Proxy is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

46. By reason of the foregoing, Defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Barracuda within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Barracuda and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and

exercised the same. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 26, 2018        **LEVI & KORSINSKY, LLP**

By: /s/ *Rosemary M. Rivas*
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Donald J. Enright (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567

*Attorneys for Plaintiff Harold Freeze*

# CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

I, Harold Freeze, declare as to the claims asserted under the federal securities laws, as follows:

1. I have reviewed the Complaint and authorized its filing.

2. I did not purchase the securities that are the subject of this Complaint at the direction of Plaintiffs' counsel or in order to participate in this litigation.

3. I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.

4. I currently hold shares of Barracuda Networks, Inc. My purchase history is as follows:

| Purchase Date | Stock Symbol | Shares Transacted | Price Per Share |
|---|---|---|---|
| 12/27/2013 | Cuda | 1000 | 33.31 |

5. During the three years prior to the date of this Certification, I have not participated nor have I sought to participate, as a representative in any class action suit in the United States District Courts under the federal securities laws.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for: (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such reasonable fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me; or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this January 25, 2018, at Keller, Texas.

Name: Harold Freeze

Signed: